23 C. C. P. A. (Patents)

## ABELL v. BEATRICE CREAMERY CO.
### Patent Appeal No. 3536.

Court of Customs and Patent Appeals.
Nov. 25, 1935.

Hawgood & Van Horn, of Cleveland, Ohio (Harvey R. Hawgood, of Cleveland, Ohio, and Raymond Jones, of Washington, D. C., of counsel), for appellant.

Edward H. Merritt, of Ft. Wayne, Ind. (James Atkins, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant brings before us for review the decision of the Commissioner of Patents, in an opposition proceeding arising in the United States Patent Office, affirming the decision of the Examiner of Interferences sustaining the opposition and denying the registration sought.

Appellant sought to register the words "Old Meadow" for use as a trade-mark for milk, cream, butter, buttermilk, cottage cheese, and other dairy products, alleging continuous use thereof "since about September 1, 1924."

Appellee made formal opposition based upon registrations and prior use by it of the words "Meadow Gold" as a trademark for identical goods.

It is not disputed that a predecessor of appellee registered the mark "Meadow Gold" for butter long prior to appellant's claimed use of "Old Meadow," nor is appellee's title to the registration questioned. Neither is there any question as to appellee's prior use of its mark upon dairy products generally.

Upon this state of facts, the tribunals of the Patent Office concurred in holding that the only question to be considered (save a contention of estoppel interposed by appellant to which we shall later make reference) was that of the similarity of the opposing marks, and they concurred in finding the similarity to be so striking as that confusion in trade would be likely.

It seems obvious to us that this conclusion is sound. The marks, except in the arrangement of the words and the absence of the letter "g" in appellant's mark, are identical. The likelihood of confusion here is certainly as strong, if not stronger, than in the case of Sutter Packing Co. v. Piggly Wiggly Corporation, 64 F.(2d) 1006, 20 C. C. P. A. (Patents) 1069, where the opposing marks were "Slices O'Gold" and "Sunset Gold," applied to canned fruits and the like.

Upon the question of estoppel it is unnecessary to say more than that, under the rule announced with great definiteness in our decision in the case of Skookum Packers' Ass'n v. Pacific Northwest Canning Co., 45 F.(2d) 912, 18 C. C. P. A. (Patents) 792, the question of estoppel has no place in this opposition proceeding.

The decision of the Commissioner of Patents is affirmed.

Affirmed.